**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4092-16T3

AMINATA M. KOROMA,

      Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR AND WORKFORCE
DEVELOPMENT, U.S. SECURITY
ASSOCIATES, INC. and SECURITAS
SECURITY SERVICES U.S.,

      Respondents.

_____

        Submitted December 12, 2018 – Decided December 31, 2018

        Before Judges Ostrer and Currier.

        On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 108,805.

        Aminata M. Koroma, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Marolhin D. Mendez, Deputy Attorney General, on the brief).

Respondents U.S. Security Associates, Inc. and Securitas Security Services U.S. have not filed briefs.

PER CURIAM

Claimant Aminata Koroma appeals from the April 3, 2017 decision of the Board of Review (Board) finding her false and fraudulent representations disqualified her from unemployment benefits, N.J.S.A. 43:21-5(g)(1), and finding her liable for a refund of benefits paid and the imposed fine. We affirm.

Claimant applied for unemployment benefits in April 2015. She certified her earnings using the telephone system of the Division of Unemployment Insurance (Division). In response to the question whether claimant had worked that week, she answered "no." She answered "no" to this inquiry for the twenty-five weeks she confirmed her eligibility to receive benefits. Claimant received unemployment benefits from April 11 to June 27, 2015, and July 11 to October 3, 2015, totaling $6500.

In November 2016, the Division learned claimant had received wages from two employers while also receiving unemployment benefits. As a result, the Division mailed claimant a form, advising that her claim was under investigation and requesting information about the specific weeks she had claimed and received benefits. Claimant answered the form questions, stating she was employed during the pertinent weeks.

The Director of the Division mailed claimant a "Determination and Demand for Refund of Unemployment Benefits" in November 2016. The letter noted claimant had received wages from two employers during the same period she received unemployment benefits. As a result of her false or fraudulent representations, claimant was disqualified from unemployment benefits for the next year under N.J.S.A. 43:21-5(g)(1). In addition, she was liable to refund the paid benefits of $6500 and a penalty of $1625, authorized under N.J.S.A. 43:21-16(a)(1).

After claimant appealed, the Appeal Tribunal remanded to the Director for a possible redetermination. The Director reopened the matter and conducted a telephonic hearing in February 2017. At the hearing, claimant admitted she was employed while receiving unemployment benefits. She believed that if she was not working in a full-time position, it was not necessary to report her earnings to the Division.

Following the hearing, the Appeal Tribunal affirmed the Director's determination that claimant was disqualified from benefits, liable for a refund, and subject to the imposed fine. The Tribunal stated: "The evidence clearly indicates that the claimant knowingly made false statements to receive benefits because the claimant answered 'No' to the certification question 'Did you work?'

The receipt of these benefits is considered to be as a result of false or fraudulent representation." The Board affirmed the decision.

On appeal, claimant does not contest the factual findings but asserts the applicable statutes' "elements" are vague and undefined. We disagree.

Our review of administrative agency decisions is limited. We will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

It is undisputed two companies employed and paid claimant during the weeks she reported earning no income to the Division and collected unemployment benefits. Her failure to report her employment and earnings was a fraudulent misrepresentation.

When a claimant receives benefits to which she is not entitled "by reason of the nondisclosure or misrepresentation . . . of a material fact" she shall be liable to repay those benefits in full. N.J.S.A. 43:21-16(d)(1). If a false representation has been made, the Division is authorized to impose a "fine of 25% of the amount fraudulently obtained." N.J.S.A. 43:21-16(a)(1).

The substantial credible evidence in the record supports the Board's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4092-16T3